PER CURIAM.
 

 Appellant, who was convicted of sexual battery, armed kidnapping, misdemeanor battery, and resisting an officer without violence, appeals the trial court’s summary denial of his rule 3.850 motion alleging seven grounds of error. We affirm the summary denial in all respects except as to his first claim that trial counsel was ineffective in misadvising him that if he testified at trial, the State could go into the specifics of his prior record on cross-examination. This is an incorrect statement of law. Questions concerning a defendant’s prior convictions are limited to whether the defendant has committed a felony or other offense involving dishonesty or false statements, and if the defendant admits such a conviction, how many of such prior convictions.
 
 See
 
 § 90.610(1), Fla. Stat. (2007);
 
 Brown v. State,
 
 787 So.2d 136, 138-39 (Fla. 4th DCA 2001). As to this claim only, we reverse and remand for the trial court to either attach portions of files and records conclusively showing appellant is not entitled to relief or for an evidentiary hearing on appellant’s allegation that he was deprived of his right to testify by relying on his counsel’s erroneous advice.
 
 See Hope v. State,
 
 960 So.2d 912 (Fla. 4th DCA 2007).
 

 Affirmed in part; reversed in part; and remanded.
 

 STEVENSON, DAMOORGIAN, and CIKLIN, JJ., concur.